UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DELIVETRICK DEWON BLOCKER, ) | |
| ) | |
| *Petitioner*, ) | |
| v. ) | 1:12-cv-374 |
| ) | *Judge Curtis L. Collier* |
| WARDEN DAVID OSBORNE, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

Petitioner Delivetrick Dewon Blocker("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 2) and an application to proceed *in forma pauperis* (Court File No. 1). Petitioner is attacking his 1996 first degree felony murder and attempt to commit especially aggravated robbery convictions as well as his life without parole and nine year sentences from the Hamilton County Criminal Court, in Chattanooga, Tennessee.[1]

This is Petitioner's second petition for federal habeas corpus relief challenging his 1996 Hamilton County convictions and sentences. His first habeas corpus petition was dismissed after the Court determined he is not in custody in violation of the Constitution or laws or treaties of the United States. *Delivetrick Dewon Blocker v. Virginia Lewis, Warden*, Civil Action No. 1:04-cv-32 (E.D. Tenn. May 23, 2005). Petitioner did not timely pursue an appeal.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an

---

[1] On direct appeal, the appellate court affirmed the murder conviction and sentence, and modified the conviction and sentence on the especially aggravated robbery charge. The especially aggravated robbery charge was reduced to attempt to commit especially aggravated robbery and his twenty-two year sentence was reduced to nine years. Permission to appeal to the Tennessee Supreme Court was denied on October 4, 1999.

order authorizing this Court to consider a second or subsequent petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the document(s) pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Therefore, this District Court lacks jurisdiction to adjudicate this § 2254 petition.

For the reasons set forth above, Petitioner's § 2254 petition is a second or successive habeas petition brought pursuant to § 2254 over which this Court has no jurisdiction absent precertification by the court of appeals. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 163 and **CLOSE** the case. *In re Sims*, 111 F.3d at 47.

An order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**