UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DELIVETRICK D. BLOCKER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:12-CV-374-CLC-CHS |
| TONY MAYS, | ) |
| Respondent. | ) |

## **MEMORANDUM**

Petitioner Delivetrick D. Blocker is a Tennessee inmate proceeding pro se on a successive federal habeas petition pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the legality of his confinement under judgments of conviction from the Hamilton County Criminal Court. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

The Tennessee Court of Criminal Appeals ("TCCA") summarized the facts of Petitioner's crime as follows:

> [T]he proof at trial showed that [Petitioner] and his severed co-defendants, cousin Robert Blocker and Calvin Trammell, who were all juveniles at the time of this crime, called for a taxicab from a Hamilton County convenience store. When it arrived, they instructed the driver to take them approximately one-half mile, to a location that the State characterized as wooded and secluded, along a street with several vacant homes. As the perpetrators exited the car, [Petitioner] heard Robert Blocker demand money from the driver, who reached over between the seats. [Petitioner] told police that he believed the driver was reaching for a gun, so he pulled a sawed-off shotgun from his pants and pointed it at the driver. He then shot the driver at a range between six and twelve inches from his head. All three perpetrators fled the scene, and an area homeowner discovered the victim when the taxicab crashed into her patio.

*State v. Blocker*, No. 03C01-9803-CR-00120, 1999 WL 124223, at *1 (Tenn. Crim. App. Mar. 10, 1999). Petitioner was seventeen years old at the time. *Id*.

Following a jury trial, Petitioner was convicted of first-degree felony murder and especially aggravated robbery. *Id.* The jury imposed a sentence of life imprisonment without the possibility of parole for the first-degree murder conviction. *Id.* At a subsequent sentencing hearing, the trial court imposed a consecutive sentence of twenty-two years for the especially aggravated robbery conviction. *Id*.

On direct appeal, the TCCA modified the underlying felony conviction to attempted especially aggravated robbery, and it imposed a consecutive sentence of nine years. *Id.* at *7–10. The Tennessee Supreme Court denied discretionary review on October 4, 1999. *Id.* at *1.

In 2004, Petitioner sought habeas relief under 28 U.S.C. § 2254 in this Court, challenging his confinement under the State-court judgments. *Blocker v. Lewis*, No. 1:04-CV-32 (E.D. Tenn. May 23, 2005). On May 23, 2005, this Court dismissed the petition [*Id*. at Doc. 17].

Thereafter, on at least two occasions in State court, Petitioner unsuccessfully challenged his convictions through State habeas petitions. *See Blocker v. Worthington*, No. E2008-00881-CCA-R3-HC, 2009 WL 304022 (Tenn. Crim. App. Feb. 9, 2009); *Blocker v. Osborne*, No. E2011-02723-CCA-R3-HC, 2012 WL 2513980 (Tenn. Crim. App. June 29, 2012), *perm. app. denied* (Tenn. Oct. 17, 2012).

On November 13, 2012, Petitioner filed a second or successive habeas petition, which was transferred to the Sixth Circuit for authorization. *See Blocker v. Osborne*, 1:12-CV-374-CLC-WBC (E.D. Tenn. Nov. 16, 2012) [Doc. 4]. On October 16, 2013, the Sixth Circuit denied Petitioner authorization to file a second or successive petition. *In re: Delivetrick D. Blocker*, No. 12-6552 (6th Cir. Oct. 16, 2013).

On or about December 2, 2016, Petitioner filed a motion to reopen his post-conviction petition under Tennessee Code Annotated § 40-30-117, arguing that his life sentence without the possibility of parole is unconstitutional because *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), established that *Miller v. Alabama*, 567 U.S. 460 (2012) precluded his life sentence without the possibility of parole for a crime he committed as a juvenile [*See, e.g.*, Doc. 22-4]. The trial court denied the motion, and the TCCA denied discretionary review of that decision on March 31, 2017 [Doc. 22-8]. In doing so, the TCCA court noted that *Miller* has no application to a Tennessee sentence of life imprisonment without the possibility of parole, because such a sentence is not mandatory, but rather, it is imposed "by a jury only after presentation and consideration of mitigating factors, including those specific to the petitioner's youth" [*Id*. at 3]. The Tennessee Supreme Court denied discretionary review on July 20, 2017 [Doc. 22-9].

While Petitioner's application for permission to appeal was pending before the TCCA, he filed a second application for permission to appeal from the same order denying the motion to reopen [Doc. 22-10]. In the second application, he raised the same Eighth Amendment claim under *Miller* and *Montgomery* [*Id.*]. The second application was denied on the same day as the first [Doc. 22-13]. The Tennessee Supreme Court denied discretionary review of the second application on July 18, 2017 [Doc. 22-14].

On February 1, 2018, Petitioner filed another application for authorization to file a second or successive petition [Doc. 6]. On August 7, 2018, the Sixth Circuit granted authorization, and the instant habeas petition was filed on the same day [Docs. 7 and 8]. In his federal habeas petition, Petitioner raises a single ground for relief, as paraphrased by the Court:

> Whether Petitioner's sentence of life imprisonment without the possibility of parole as a juvenile offender violates *Miller v. Alabama*, 567 U.S. 460 (2012).

[Doc. 8]. Pursuant to this Court's order to respond to the petition, Respondent filed an answer on January 22, 2019 [Doc. 23]. Petitioner submitted two additional amendments to the petition and

a supplemental pleading in support of his petition [Docs. 21, 25, and 34].[1]  Thereafter, Respondent submitted a response to Petitioner's supplemental pleading [Doc. 37].  Petitioner's subsequently attempted to further amend his petition to add a new claim, which Respondent opposed, and that motion was denied [*See* Docs. 38–40].  This matter is ripe for review.

## II. LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  Under the "unreasonable application" clause, a federal court may grant relief where the State court applies the correct legal principle to the facts in an unreasonable manner.  *See id*. at 407–08; *Brown v. Payton*, 544 U.S. 133, 141 (2005).  Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect.  *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams*, 529 U.S. at 410–

---

[1] The amendments and supplemental pleading did not add new claims, but rather, merely presented additional legal arguments [*See* Docs. 21, 25, and 34].

4

11. This standard will allow relief on a federal claim decided on its merits in State court only where the petitioner demonstrates that the State ruling "was so lacking in justification that there was an error understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When evaluating the evidence presented in State court, a federal habeas court presumes the correctness of the State-court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

### A. Timeliness

The instant petition for writ of habeas corpus is subject to the statute of limitation of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). The statute's limitation period provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U. S. C. § 2244(d)(1). The federal limitation period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitation period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

The applicable statutory provision in Petitioner's case is § 2244(d)(1)(C), which allows a timely federal habeas petition to be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). The instant petition relies on the Supreme Court's decision in *Miller v. Alabama*, which was decided on June 25, 2012. *See Miller*, 567 U.S. 460. Petitioner argues, however, that this Court should start the statute's running date on the date *Miller* was made retroactive in *Montgomery v. Louisiana*, which was January 25, 2016 [*See, e.g.,* Doc. 25-1 p. 7-9]. *See Montgomery*, 136 S. Ct. 718.

In *Dodd v. United States*, the Supreme Court considered the timeliness of a federal prisoner's motion to vacate under 28 U.S.C. § 2255, which sought relief pursuant to a newly recognized constitutional right made retroactively applicable on collateral review. 545 U.S. 353 (2005). The question before the Court was "whether the date from which the limitation period begins to run . . . is the date on which t[he] Court 'initially recognized' the right asserted in the applicant's § 2255 motion, or whether, instead, it is the date on which the right is 'made retroactive.'" *Id*. at 354–55. Based on the plain text of the statute, the Court held that a federal prisoner "has one year from the date on which the right he asserts was initially recognized" by the Supreme Court to file for relief. *Id*. at 357.

While *Dodd* construed 28 U.S.C. § 2255, the same logic has been held to apply to State prisoners filing habeas petitions under § 2254, as the texts of the statutes are identical. *Compare*

6

28 U.S.C. § 2255(f)(3) *with* 28 U.S.C. § 2244(d)(1)(C); *see also Madison v. Allbaugh*, 774 F. App'x 504, 505 (10th Cir. 2019) (denying a certificate of appealability to petitioner alleging timeliness of petition alleging *Miller* claim where petition not filed within one year of that decision); *Taylor v. Winn*, No. 18-11711, 2019 WL 2464529, at *2–3 (E.D. Mich. June 13, 2019) (finding statute of limitations on *Miller* claim expired on June 25, 2013); *Wurst v. Overmyer*, No. 17-336, 2018 WL 4005874, at *2 (W.D. Pa. Aug. 22, 2018) (finding § 2254 petition untimely where it was not filed within one year of the date *Miller* was decided by the Supreme Court); *Young v. Biter*, No. CV16-00520-JLS (RAO), 2016 WL 4770027, at *1 (C.D. Cal. Sept. 12, 2016) (same); *Allen v. LeGrand*, 2014 WL 4162261, at *3 (D. Nev. Aug. 20, 2014) (noting that when "§ 2244(d)(1)(C) applies, the start date of the one-year period is the date that the Supreme Court initially recognizes the new constitutional right, not the date that the right is determined to apply retroactively[,]" and finding that even if *Miller* applied, § 2244(d)(1)(C)'s one-year period had already expired because petitioner mailed his petition "more than a year after the *Miller* decision").

*Miller* was decided on June 25, 2012, and therefore, the statute of limitation for Petitioner's claim expired one year later on June 25, 2013. *See, e.g.,* § 2244(d)(1)(C); *Taylor*, 2019 WL 2464529, at *2–3. Petitioner filed his motion seeking relief under *Miller* on January 26, 2018 [Doc. 6-1 p. 23]. Accordingly, Petitioner filed his motion for authorization to file a second or successive habeas petition in federal court after the one-year limitation period expired, and it is untimely. The Court finds that statutory tolling is inapplicable in this case, because Petitioner's motion to reopen his post-conviction proceedings in State court was not filed until December 2, 2016, over three years after the statute of limitation expired [*See* Doc. 22-10 p. 13]. *See also* 28 U.S.C. § 2244(d)(2).

Additionally, even if the Court were to conclude that *Montgomery* reset the filing deadline, the instant petition would still be untimely. *Montgomery* was decided on January 25, 2016. *See*

*Montgomery*, 136 S. Ct. 718. The one-year statute of limitation commenced the next day and ran for 307 days until November 28, 2016, when Petitioner submitted his motion to reopen post-conviction proceedings to prison authorities for mailing [Doc. 22-10 p. 12]. At that point, statutory tolling commenced. 28 U.S.C. § 2244(d)(2). The Court presumes that the federal deadline remained statutorily tolled until July 20, 2017, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal [Doc. 22-9]. Therefore, the statute of limitation recommenced the following day, July 21, 2017, which left Petitioner 58 days to file a timely federal habeas corpus petition. However, Petitioner's motion for authorization to file a second or successive petition under § 2254 was not submitted to prison authorities for mailing until January 26, 2018, which was over four months after the expiration of the statute of limitation [*See* Doc. 6-1 p. 23].

Accordingly, the instant petition was not timely filed, and the Court can consider it only if Petitioner establishes an entitlement to equitable tolling of the limitation period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is an exception that should be granted "sparingly." *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012).

Petitioner argues that equitable tolling is appropriate in this case because he suffers from mental health issues, which include the fact that he is borderline intellectual functioning, he is proceeding pro se and has had to rely on "jailhouse legal advisors to assist him," he has had difficulty accessing legal materials where he is incarcerated, and he is ignorant of the law [*See* Doc. 34 p. 10–12].

First, the Court notes that Petitioner has not identified how his mental issues or borderline intelligence affected his ability to timely file his habeas petition, and as Respondent notes, Petitioner's history of collateral litigation suggests that he functions adequately in the legal process despite his mental limitations [*See* Doc. 37 p. 3]. Moreover, non-specific allegations of mental disability are not adequate bases for equitable tolling. *See Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (noting repeated holdings that "ignorance of the law is not sufficient to warrant equitable tolling"); *Banzant v. United States*, No. 13-2795, 2016 WL 3582210, at *5 n.28 (W.D. Tenn. June 28, 2016) (finding "the Sixth Circuit has held that a low intelligence quotient is not grounds for equitable tolling[] absent some showing that a petitioner's intelligence caused him to miss a filing deadline") (collecting cases).

Additionally, the Court notes Petitioner's pro se status and purported ignorance of the filing requirements are insufficient grounds to warrant equitable tolling. *See Hall v. Warden*, 662 F.3d 745, 751 (6th Cir. 2011) (finding pro se status, limited law-library access, and delay in receiving transcripts insufficient grounds to warrant equitable tolling absent other "extraordinary circumstance"); *Allen*, 366 F.3d at 403 (finding "lack of actual or constructive knowledge" of filing deadline insufficient to warrant equitable tolling); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) (citing *Allen*, 366 F.3d at 403). Therefore, Petitioner's pro se status, reliance on inmate legal advisors, and ignorance of the law do not justify equitable tolling.

Finally, Petitioner alleges that the "administration and staff members at Whiteville Correctional Facility (WWCFA), where [Petitioner] was initially housed when he filed his petitions[] tried to prevent [him] and other inmates from properly utilizing the law library by refusing to allow indigent inmates to adequately prepare and research their claims, as well as not allowing indigent inmates to make the required copies needed for the Courts" [Doc. 34 p. 11]. However, Petitioner does not allege any that any particular obstacles prevented him from timely

9

filing a petition. Rather, he has merely made allegations that preparing legal documents in prison is difficult, which reflects the circumstances of most pro se litigants. *See, e.g., Hall*, 662 F.3d at 750-52 (concluding that the combination of lack of access to transcripts, pro se status, and limited access to law library did not warrant equitable tolling). Accordingly, Petitioner has not demonstrated that he is entitled to equitable tolling, and the instant petition is untimely.

**B.     Merits**

Alternatively, the Court finds that Petitioner's claim also fails on its merits. In *Miller v. Alabama*, the United States Supreme Court held that a sentence of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment.'" 567 U.S. 460, 465 (2012). *Miller* explained that the fact-finder must have an opportunity to consider mitigating circumstances before imposing such a sentence, particularly those circumstances pertaining to the juvenile's "age and age-related characteristics and the nature of their crimes." *Id*. at 489.

However, unlike the mandatory sentencing scheme struck down in *Miller*, the Tennessee statutes under which Petitioner was sentenced allow a juvenile offender to be sentenced either to life imprisonment or life imprisonment without the possibility of parole. *See* Tenn. Code Ann. § 37-1-134(a)(1); Tenn. Code Ann. § 39-13-202(c). If the State intends to seek life imprisonment without the possibility of parole, the State must file a pretrial notice of its intent, stating the aggravating circumstance(s) supporting the enhanced sentence. Tenn. Code Ann. § 39-13-208(b). If the State does not file such pretrial notice, then, upon entry of a guilty verdict for first-degree murder, the trial court shall sentence the defendant to life imprisonment. Tenn. Code Ann. § 39-13-208(c).[2]

---

[2] For crimes committed on or after July 1, 1995, a sentence of life imprisonment requires confinement for at least 51 years before release. Tenn. Code Ann. § 40-35-501(h)–(i); *Brown v. Jordan*, 563 S.W.3d 196, 202 (Tenn. 2018).

If a notice is filed, and the jury convicts the defendant of first-degree murder at the trial's guilt phase, the trial moves to the sentencing phase. *See* Tenn. Code Ann. § 39-13-207(a). At that time, the jury considers proof relative to the noticed aggravating circumstance(s) and any applicable mitigating circumstance(s). *See* Tenn. Code Ann. § 39-13-207(d). The jury then determines whether an aggravating circumstance outweighs any mitigating circumstances, and it sets the sentence at life imprisonment or life imprisonment without the possibility of parole. *See* Tenn. Code Ann. § 39-13-207(b)–(e); *see also* Tenn. Code Ann. § 39-13-204(f)(1)–(2). The mitigating circumstances that a jury is required to consider include "[t]he youth . . . of the defendant at the time of the crime." Tenn. Code Ann. § 39-13-204(j)(7).

Tennessee courts have determined that *Miller* does not affect Tennessee's sentencing scheme, as any life sentence without the possibility of parole is discretionary and otherwise requires consideration of the defendant's age. *See, e.g., Brown v. State*, No. W2015-00887-CCA-R3-PC, 2016 WL 1562981, at *5–7 (Tenn. Crim. App. Apr. 15, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016); *Lowe-Kelley v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *9 (Tenn. Crim. App. Feb. 24, 2016), *perm. app. denied* (Tenn. June 23, 2016). The Court finds that this individualized sentencing consideration satisfies *Miller*, which does not prohibit all juvenile sentences for life imprisonment without the possibility of parole, but rather, only those which make such a sentence mandatory. *See, e.g., Miller*, 567 U.S. at 479-80.

In Petitioner's case, after reviewing *Miller*, the TCCA explained that Petitioner's sentence of life without parole was handed down "only after presentation and consideration of mitigating factors, including those specific to the petitioner's youth" [Doc. 22-8 p. 3]. Therefore, the TCCA concluded that Petitioner's "sentence of life without parole satisfies the constitutional requirements discussed in *Miller*" [Doc. 22-8 p. 3]. Accordingly, Petitioner's sentence was neither mandatory nor imposed without consideration of his age at the time of the crime.

11

The Court notes that Petitioner's trial and sentencing transcripts were not part of the appellate record for Petitioner's motion to reopen proceedings [*See* Doc. 22-15]. As such, Respondent argues, these documents should not be considered by this Court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The Court assumes, *arguendo*, the correctness of Respondent's position. Nonetheless, the Court notes that these records support a determination that the jury was presented with and provided an opportunity to consider Petitioner's individual characteristics, including his youth at the time of the offense, prior to imposing sentence [*See, e.g.*, Doc. 22-2 p. 88, 91, 105–07].

Therefore, the Court finds that Petitioner has failed to demonstrate that the decision rejecting his claim is contrary to, or that it involves an unreasonable application of, clearly established Supreme Court precedent, nor has he demonstrated that it was based on an unreasonable determination of facts in light of the evidence presented. Accordingly, habeas relief will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

The instant petition is untimely, and Petitioner has otherwise failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**An appropriate judgment order will enter.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**